[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a plea of no contest, defendant-appellant Daniel George Elms was convicted of possession of cocaine in violation of R.C. 2925.11(A) and was sentenced to three years of community control, a $250 fine, court costs, and a five-year driver's-license suspension. From that judgment, Elms appeals.
In his sole assignment of error, Elms asserts that the trial court erred in imposing the maximum driver's-license suspension[1] upon him. In support of the assignment, he claims that this aspect of the sentence was imposed in retaliation for his refusal to enter an inpatient treatment facility, as the trial court had suggested.
Our review of the transcript of Elms's sentencing leaves us unpersuaded on this point. Although the trial court clearly encouraged Elms to enter an inpatient- rather than outpatient-treatment program, the court made no reference to the license suspension during this discussion. It is not clear from the record that Elms would not have received the maximum license suspension even if he had entered the inpatient program. Given this, we cannot conclude, as Elms contends, that the court imposed this aspect of the sentence because of his refusal to enter such a program. The assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] See R.C. 2925.11(E)(2).